UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS CABASSA, individually, and on
behalf of all others similarly situated,

     **CLASS REPRESENTATION**

    Plaintiff,

v.                                 Case No.:

GOPRO, INC., a Delaware corporation,

    Defendant.

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUIS CABASSA ("Plaintiff" or "Cabassa"), individually and on behalf of all others similarly situated, sues Defendant GOPRO, INC. ("Defendant" or "GoPro"), and alleges as follows:

### PRELIMINARY STATEMENT

1.     This is a class action resulting from Defendant's unauthorized collection of spurious sales taxes by improperly calculating the applicable tax rate based on the full amount of its products instead of calculating the sales tax rate based on the discounted value of the product. Plaintiff, for himself and all others similarly situated, brings this action for damages, and for declaratory and injunctive relief to end Defendant's wrongful practice and to prevent further losses to Plaintiff and the class of Florida consumers that he represents.

2.     GoPro is a for-profit corporation organized under the laws of Delaware. GoPro manufactures action cameras and devices, as well as development of mobile apps

and video-editing software. GoPro is both a manufacturer and dealer of its products. GoPro regularly solicits customers in Florida and across the United States directly to consumers via its website.  GoPro sells approximately $1.4 billion dollars in revenue annually.

3.      Plaintiff Cabassa traded-in his previous GoPro and purchased a new GoPro device on May 3, 2017 and was improperly overcharged sales tax on the full price of the item instead of the discounted rate.  Like many of GoPro's customers, Plaintiff used or received discounts provided by GoPro when purchasing his GoPro device because he "traded-in" his existing GoPro camera.  Under Florida law, this discount is referred to as a "dealer's" discount or reduction.  *See generally*, Fla. Admin. Code R. 12A-1.018 (titled, "Trade and Cash Discounts").

4.      Florida law requires dealer retailers like GoPro to collect sales tax on only the discounted price of an item after the application of a discount issued by the dealer, as opposed to collecting sales tax on the item's full, undiscounted price.  *See*, Fla. Amin. Code R. 12A-1.018(4)(b).  The discounted amount (the difference between the item's full price and its discounted price) is expressly not taxable. The following example from the Florida Administrative Code illustrates this point: "A customer has a coupon issued by the dealer which allows $.50 off the sales price of a box of soap powder which retails for $1.50.  The dealer collects $1.00 from the customer along with the coupon.  Tax is due at $1.00, since the redemption of the coupon reduces the sales price of the product to that amount." *Id.*

5. Contrary to Florida law, when GoPro's Florida customers use discounts issued by GoPro to make a purchase from GoPro's website, GoPro still charges and collects "sales tax" on the full price of the item, notwithstanding application of the dealer's discount. Thus, applying the example above from the Florida Administrative Code, GoPro improperly collecting purported "sales tax" on the retail price of the soap powder ($1.50) rather than on the reduced sales price after application of the dealer's discount ($1.00).

6. Alternatively, transactions of this nature are governed by Fla. Stat. § 212.09(1) because he was given a trade-in credit for his previous GoPro device.

7. The additional money that GoPro improperly collects from its customers as "sales tax" on the difference between the item's full price and its discounted price is, for all intents and purposes, a fraudulently-concealed surcharge. Upon information and belief, GoPro retains these improperly charged funds.

8. Plaintiff Cabassa has filed this action, individually and on behalf of all others similarly situated, to recover the excess "sales tax" that GoPro has unlawfully charged to both its Florida customers and all GoPro customers residing in the United States during the statutory period.

## PARTIES

9. Plaintiff Cabassa is a natural person and citizen residing in the city of Tampa, Hillsborough County, Florida.

10.     Defendant GoPro, Inc. is a publicly-held Delaware corporation with its principal place of business at or near 3000 Clearview Way, San Mateo, California and duly authorized to conduct business in Florida.

## JURISDICTION AND VENUE

11.     GoPro conducts substantial business in Florida and throughout the United States in connection with the marketing and sale of its cameras and software. This Court has jurisdiction over GoPro because it has intentionally availed itself of the markets and laws of the State of Florida.

12.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because the majority of class members are citizens of different states than GoPro and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

13.     Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff resides in the Tampa Division of the Middle District of Florida and a substantial part of the events at issue in this complaint occurred there.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14.     The State of Florida imposes a 6% sales tax rate on tangible personal property when sold at retail. *See* Section 212.05(1)(a), Florida Statutes. Section 212.05(1)(b) allows chartered counties to collect an additional amount of sales tax not exceeding 1%.

15.     As a chartered county, Hillsborough County imposes a 1% sales tax on tangible personal property sold at retail. The combined state and local tax rate in sales of tangible personal property sold at retail in Hillsborough County, Florida is 7%.

4

16.     On or about April 15, 2017, April 15, 2017, Plaintiff purchased a "GoPro Hero5 Session" ("Hero 5") camera from Defendant's website through Defendant's now-defunct "TradeUp" Program.

17.     The "TradeUp" program allowed customers to mail in their existing GoPro in exchange for a credit discount of $50 if the customer purchased a Hero5.

18.     Based upon information and belief, GoPro intended to, and actually resold, cameras submitted to Defendants through the "TradeUp" program.

19.     The original sales price of the Here 5 camera was listed at $299.99. Yet because Plaintiff was trading in his used GoPro camera, the new sales price was $249.99 in light of the credit given to him by Defendants. With the applicable tax added. The total price was purported to be $267.49 (*See* Exhibit A).

20.     Plaintiff Cabassa fulfilled all conditions necessary to participate in the "TradeUp" program by sending the Defendants his older GoPro and received the $50 dollar credit-discount towards his purchase of the Hero 5 camera.

21.     On May 3, 2017, Defendant was sent an invoice for the sales price of the Hero 5 camera. While the pre-tax sale price was still 249.99, Defendant was improperly charged $270.99 (*See* Exhibit B).

22.     As shown in Exhibit A and Exhibit B, Defendant illegally overcharged Plaintiff $3.50 by improperly calculating the sales tax due based on the full amount of the Hero 5 instead of the credit-discounted rate as Florida law requires. (See Exhibit B).

23.     As noted in exhibit B, the sales tax rate Defendant used in its calculation was 7% and the cost of the item was 249.99. Plaintiff's sales tax should have equaled

17.50, for a total purchase price of 267.49. Instead Plaintiff was charged $21 dollars in sales tax for a total purchase price of 270.99.

24.    The only way this improper amount could have been calculated by Defendants is that they erroneously multiplied the 7% sales tax rate by the non-discounted price of $299.99 instead of Defendant's stated price of $249.99 in violation of Florida Statutes Chapter 212.

25.    Section 212.09(1), Florida Statutes states:

Where **used articles**, accepted and intended for resale, are taken in trade, or a series of trades, as a credit or part payment on the sale of new articles, **the tax levied** by this chapter **shall be paid** on the **sales price** of the new article, **less the credit for the used article taken in trade**.

(emphasis added).

26.    Defendant GoPro owns, operates, and maintains a proprietary online point-of-sale system through which Defendant processes all sales made through its website.

27.    Based upon information and belief, Defendant has configured their point-of-sale system to automatically charge customers sales tax based on the customer's taxing jurisdiction i.e. the "ship to address."

28.    As a result, if a buyer purchases one of Defendant's products through its online point-of sale system, and was given a credit for the buyer's purchase of another camera, Defendant's payment system overcharges the buyer in the guise of a sales tax based on an illegal amount.

29.    Defendant does not remit this overcharge to the taxing authority that governs that transaction.

30.     Fla. Admin Code R. 12A-1.018 clearly states that retailers like GoPro may not collect sales tax on the full price of a taxable item if the customer purchases the item with a discount issued or provided by dealer.

31.     Fla. Admin Code R. 12A-1.018(2) states in relevant part: "Discounts allowed and taken at the time of sale are deducted from the selling price, and the tax is due on the net amount paid at the time of sale."

32.     The code differentiates between a coupon or refund issued directly by the manufacturer, and a discount issued or provided by the dealer.

33.     Fla. Admin Code R. 12A-1.018(3) addresses the appropriate method of taxation for a *manufacturer's* coupon and states in relevant part:

> A coupon or refund issued directly by the manufacturer is not to be construed as a reduction in selling price by the dealer. In this case, as illustrated by the following examples, the full selling price of the product is taxable. It also provides an example of how sales tax should be properly computed:
> ******
> (b) Example B: A box of soap powder retails for $1.50. The customer applies a "manufacturer's coupon" worth $.50 toward the purchase of the box of powder. The dealer would collect $1.00 and the full tax due on the $1.50 sale from the customer. The manufacturer would redeem the coupon from the dealer for $.50.

34.     Conversely, Fla. Admin Code R. 12A-1.018(4) addresses the appropriate method of taxation for a *dealer's* discount, such as GoPro's, and states in relevant part:

> A dealer's discount is a reduction in selling price if taken at the moment of sale or purchase of a product as illustrated by the following example. It also provides an example of how sales tax should be properly computed.
> ******
> (b) Example B: A customer has a coupon issued by the dealer which allows $.50 off the sales price of a box of sap powder which retails for $1.50. The dealer collects $1.00 from the customer along with the coupon.

Tax is due on $1.00 since the redemption of the coupon reduces the sales price of the product to that amount.

35.    Despite charging Plaintiff the GoPro Sales price for his purchase of the Hero5 Session camera, GoPro improperly charged Plaintiff and collected from him sales tax on the full purchase price of the GoPro, as opposed to properly charging and collecting tax on only the discounted price of the GoPro.

36.    Based upon information and belief, this ostensible sales tax was never paid to or held in trust for the Florida Department of Revenue.

37.    Defendant's sales tax assessment practices, in effect, are improperly and fraudulently adding a surcharge to purchases, and are disguising those surcharges as a "sales tax" that does not exist, and for which Defendant lacks authority to collect or remit.

38.    The "sales tax" surcharge is more than the price advertised online for the product and purchasers do not become aware of this overcharge until Defendant's online point-of-sale system sends them an invoice.

39.    Upon Plaintiff's information and belief, it was and remains GoPro's regular practice to improperly charge its customers sales tax on the full price of the otherwise dealer discounted taxable purchases made in the State of Florida.

40.    Plaintiff and the other members of the class will continue to be injured by Defendant's conduct as they intend to continue purchase Defendant's goods.

41.    Defendant's unlawful and unauthorized tax assessments have harmed and will continue to harm all Florida residents who purchase one of Defendant's products.

42.

## **CLASS ACTION AND CLASS REPRESENTATION ALLEGATIONS**

43.    The causes of action alleged and the relief sought are appropriate for class action treatment and class certification pursuant to the governing and applicable rules of civil procedure, including Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, and seeks to certify the following multi-state class:

> All customers of GoPro's who made purchases online and were improperly charged and paid sales tax on the full, non-discounted price of products purchased with a dealer discount or trade-in credit, in violation of Fla. Admin. Code R. 12A-1.018 or Fla. Stat. § 212.09(1), within the statutory period(s).

44.    This action is uniquely appropriate as a class action pursuant to Rule 23 (b)(2), Federal Rules of Civil Procedure because Plaintiff seeks declaratory, injunctive, and monetary relief for the entire Class, the entitlement to which will turn on application of state statutes that provides for recovery of statutory damages.    Under these circumstances, the prosecution of separate actions by individual Class Members against the Defendants would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would in turn establish incompatible standards of conduct for the Defendant. This action is also appropriate for class certification under Rule 26(b)(3)  because the questions of law and fact common to the Plaintiff and the Class far more than predominate over issues affecting individual members of the Class and resolution of these issues within a class action is the superior method to achieve fair and efficient adjudication of this controversy.

45.     Plaintiff is a member of the Class described above and properly alleges these claims on his own behalf and on behalf of the Class Members who are similarly situated, against the Defendants.

46.     The members of the Class are readily identifiable from documents maintained by GoPro, thus permitting any appropriate notice to the Class and convenient case management by the Court.

47.     Excluded from the class is Defendant, as well as its past and present officers, employees, agents or affiliates, any judge who presides over this action and their immediate family, and any attorneys who enter their appearance in this action.

48.     The Class shall not include any individual or entity that previously commenced a lawsuit against GoPro arising out of the subject matter of this complaint.

49.     Plaintiff reserves the right to expand, limit, modify or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

## NUMEROSITY

50.     The precise number of Class Members is presently unknown to Plaintiff. However, research of publicly available information and other information available to the Plaintiff suggests that GoPro is a publicly-traded company and is a market leader in camera technologies.

51.     GoPro sells its products to millions of people across Florida and the United States. It is expected that the number of Class members will total in the thousands,

if not tens of thousands. On information and belief the number of Members in the Class alleged is so numerous that joinder of individual Class Members is impracticable and inconsistent with the orderly and efficient administration of justice, and contrary to the public good.

52.    Joinder would also be contrary to the efficient use of scarce judicial resources, contrary to the public good and inconsistent with the orderly and efficient administration of civil justice between and among civil litigants.  Discovery of GoPro's records will establish the precise number of Class Members prior to certification.

53.    The disposition of the individual claims of the respective class members will benefit the parties and the Court and will facilitate judicial economy

<u>COMMONALITY</u>

54.    The overriding claim presented by Plaintiff and the Class against the Defendants is founded on whether GoPro's practice of overcharging sales tax on the full price of taxable purchases when a discount or credit is given violates the provisions of Fla. Admin. Code R. 12A-1.018(2)-(4) and/or Section 212.09(1), Florida Statutes.

a.    Whether Defendant's practice of collecting sales tax on the full, undiscounted purchase price of taxable products purchases with Dealer Discount violates Fla. Admin. Code R. 12A-1.018(2)-(4);

b.    Whether Defendant's practice of collecting sales tax on the full, undiscounted purchase price of taxable products purchased with a trade-in credit violates Section 212.09(1), Florida Statutes.

c.    Whether the Defendant's practice of collecting sales tax on the full, undiscounted purchase price of taxable products purchased with a dealer discount, violates the Florida Deceptive and Unfair Trade Practices Act.

d.    Whether and to what extent Defendant engaged in fraudulent and/or negligent misrepresentation regarding its improper collection of sales tax;

11

e.      Whether and to what extent Defendant was unjustly enriched by GoPro's practice of collecting sales tax on the full, undiscounted purchase price of taxable products purchased with a discount;

f.      Whether the named Plaintiff and the class are entitled to recover damages for Defendant's improper practice of collecting sales tax on the full, undiscounted purchase price of taxable products purchased with a discount, and the measure of such damages; and

g.      Whether Plaintiff and the class are entitled to injunctive relief to prevent Defendant from continuing its practice of collecting sales tax on the full, undiscounted price of products purchased with a discount.

55.     The questions of fact and law that are common to the Plaintiff and all Class Members predominate over any questions pertaining to any individual class members.   The monetary relief sought by Plaintiff and the Class includes statutory damages to be established by the Court in light of objective information concerning GoPro's conduct.   Actual damages will include fixed sums certain, readily susceptible to objectively arithmetic determination, including but not limited to payments made on illegitimate bills and attorneys fees incurred to defend illegitimate collection efforts. The wrongs alleged, the right to bring the instant complaint and cause of action, and the remedies sought are all common to the class.

56.     Plaintiff shares a common interest with all members of the putative class in the objects of the action and the results sought (remedying GoPro's conduct through injunctive relief, and the recovery of damages, disgorgement of monies improperly collected by Defendant on the undiscounted price of purchased goods and attorney's fees and costs).

57.    With respect to any class to be certified under Rule 23(b)(2), the injunctive and declaratory relief sought herein predominates over the monetary relief, which flows naturally from the equitable relief sought herein.

58.    Plaintiff Cabassa satisfies Rule commonality requirement because his claims arose in the same manner, from the same course of Defendant's conduct and routine practice, and are based on the same legal theories as all other members of the putative class, i.e. that Defendant's practice violates Fla. Admin. Code R. 12A-1.018 and because it is deceptive, misleading, and otherwise unlawful. Because GoPro's conduct was uniform to all class members, the material elements of Plaintiff's claims and those of the absent class members are subject to common proof, and the outcome of Plaintiff's individual actions will be dispositive for the class.

## PREDOMINANCE AND SUPERIORITY

59.    A class action provides a fair and efficient method for the adjudication of this controversy under the criteria set forth in Federal Rule of Civ. Pro 26. Class treatment is a superior and form of adjudication than the prosecution of individual claims, and provides a substantial benefit to the court and litigants by avoiding a multiplicity of suits, and the risk of inconsistent results.

60.    Because Defendant's conduct was uniform with respect to all prospective class members, common questions of law and fact predominate over the individual questions.

61.    Because the potential class encompasses many thousands of claims (if not tens of thousands of claims), a single class action is plainly more efficient than many

thousands of individual law suits, each requiring the same discovery and proofs. Given the relatively small amount of claim(s) of each putative class member, it is likely that absent class representation, such claims would not be brought and the class would never have appropriate redress for GoPro's improper conduct. A class action is superior and more efficient than other available methods for the fair and efficient adjudication of this controversy.

62.     Class treatment ensures uniformity and consistency in results, enables the many small claims of class members as well as claims for class-wide injunctive relief to be brought efficiently, and will provide optimum compensation to class members for their injuries as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

63.     In addition, the expense and burden of individual litigation effectively makes it a practical impossibility for individual class members to seek redress for the wrongs alleged herein.

64.     The advantages of maintaining the action as a class suit far outweigh the expense and waste of judicial effort that would result from thousands of separate adjudications or the unfairness of none at all, which is the likely outcome if the small individual claims at issue are not aggregated as a class.

65.     There are also no unusual differences likely to be encountered in the maintenance of this action as a class suit, and this court can effectively manage the class action.

66. The class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants because Defendant keeps records of all purchases made by prospective class members during the class itself; all discounts used by class members, including those discounts provided by GoPro itself, and the amount of sales tax charged to the putative class members on each purchase. Therefore, both the membership of the class and the amount of individual damages is readily ascertainable from Defendant's records.

67. Because this action arises from GoPro's violation of Fla. Admin. Code R 12A-1.018 and/or Fla. Stat. § 212.09(1) and its judicial construction, there is a risk that the prosecution of separate actions by individual members of the class may lead to inconsistent outcomes that would confront Defendant with incompatible standards of conduct. Either Defendant's "sales tax" collection practice is wrong for every one of its customers who uses a dealer discount or it is right for every one of its customers, making this action appropriate for class certification.

68. Because Defendant has acted consistently towards all members of the class, final equitable and declaratory relief is appropriate with respect to both the class and Plaintiff's claims and is likely subject to common proof and adjudication.

## **TYPICALITY**

69. The named Plaintiff is a Member of the Class it seeks to represent. The named Plaintiff's claim is typical of the claims of the Class. Specifically, the proof required of the named Plaintiff to prevail in this action is the same as would be required of each absent Class Member.

## FAIR AND ADEQUATE REPRESENTATION OF THE CLASS

70.     Plaintiff Cabassa has a true stake in this case and will fairly and adequately represent, protect and prosecute the interests of each Class Member and likewise has the willingness and capacity to do so. The named Plaintiff is capable of fairly representing itself and the Class Members who have been similarly impacted. Plaintiff has no interests actually or potentially adverse to those of the putative Class Members.

71.     Plaintiff has obtained Wenzel, Fenton, Cabassa, P.A. as lead counsel and the firm has extensive experience in complex commercial litigation and adequate financial resources to ensure that the interests of the prospective class will not be harmed.

72.     If appointed class representatives, Plaintiff is aware of, and is committed to faithfully uphold his fiduciary duties to absent class members. Plaintiff and her counsel are committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure the class is fairly represented.

73.     By vigorous prosecution of the individual claims, the named Plaintiff will also ensure the same degree of prosecution of the commonly held claims of the Class Members.

74.     Plaintiff is a member of the Class described above and properly alleges these claims on its own behalf and on behalf of the Class Members who are similarly situated, against the Defendants.

75.     The members of the Class and both Defendants are readily identifiable from publicly available data, thus permitting any appropriate notice to the Class and convenient case management by the Court.

## ASCERTAINABILITY

76.     The class members are ascertainable through records kept by Defendant. Plaintiff and class members were required to input their personal and financial information into GoPro's point-of sale system to purchase products from Defendant. Defendant records this information and the products the class members purchased in internal databases.

77.     Based on the foregoing, class treatment is the most fair and efficient form of adjudication for this matter.

## COUNT I

## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA)

78.     Plaintiff incorporates the allegations in Paragraphs 1 through 77 by reference as if fully set forth herein.

79.     This is an action against GoPro for violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 ("FDUTPA").

80.     Plaintiff is an aggrieved consumer under the FDUTPA and has standing to bring this claim.

81.     Specifically, GoPro's practice of charging sales tax on the full, undiscounted price of taxable goods purchased by its customers receiving a dealer

discount or trade-in credit constitutes an unconscionable, unfair, or deceptive act or practice in trade or commerce prohibited under Fla. State. § 501.201.

82.     Plaintiff is a member of the class damaged by the improper acts or practices of Defendant GoPro's as alleged herein because GoPro charged him and collected more money than Florida law permits for the goods that he purchased.

83.     As a direct and proximate resulting GoPro's unfair, unconscionable, and/or deceptive acts or practices, Plaintiff has been harmed and has sustained damages.

**WHEREFORE**, Plaintiff, on behalf of himself an all others similarly situated, seeks judgment against Defendant for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 including:

a.     Actual Damages sustained by Plaintiff and each class member for each transaction in which Florida sales tax was charged and collected in violation of Fla. Admin. Code R. 12A-1.018(4);

b.     Actual Damages sustained by Plaintiff and each class member for each transaction in which Florida sales tax was charged and collected in violation of Fla. Stat. § 212.09(1));

c.     An award of reasonable attorney's fees and costs;

d.     Permanent injunctive relief precluding Defendant's wrongful violation of Fla. Admin. Code R. 12A-1.018(4) by overcharging online customers; and

e.     Such other and further relief as the court deems proper and just.

## COUNT II
## DAMAGES FOR VIOLATIONS OF FLORIDA STATUTE § 559.72(9)

84.     Plaintiff re-alleges paragraphs 1 through 77, as if fully restated herein.

85.     GoPro is subject to, and has violated the provisions of Florida Statutes Section 559.72(9) by overcharging and collecting an improper amount of sales tax based

on the full, undiscounted price of taxable goods purchased by its customers receiving a dealer discount or trade-in credit through the assertion of the existence of a legal right with knowledge that such right does not exist.

86.     GoPro's assertions, made to collect payment from Plaintiff and the Class were knowingly false, deceptive and unlawfully limited Plaintiff and Class Members' rights under Florida law.

87.     As a direct and proximate result of GoPro's actions, Plaintiff and Class Members are entitled to statutory damages as defined by Florida Statute, Section 559.77, actual damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff and Class Members respectfully request entry of judgment against GoPro for:

f.     Actual damages, where applicable

g.     Statutory damages;

h.     An award of costs and attorneys' fees made necessary by seeking this relief; and any other such relief the Court may deem just and proper, and further demands a trial by jury of all issues so triable.

### COUNT III
### DECLARATORY AND INJUNCTIVE RELIEF

88.     Plaintiff re-alleges and incorporates herein Paragraphs 1 through 77, as if set forth fully herein.

89.     This is an action for declaratory relief pursuant to Chapter 86, Fla. Stat. (2014).

90.     Plaintiff, for herself and on behalf of the Class, alleges that there exists a *bona fide*, actual, present, and practical need for a declaration as to the rights of the

19

parties and seeks a declaration that GoPro's practice of overcharging sales tax violates Florida Statutes and the Florida Consumer Collection Practices Act; and further requests an injunction against such further practices by GoPro.

91.    This Court has jurisdiction to issue a declaration as to the legality of the complained-of conduct, under Florida's Declaratory Judgment Act, Chapter 86, Florida Statutes, and Section 559.77(2) of the Florida Consumer Collection Practices Act.

92.    By virtue of the facts recited above, an actual, justiciable controversy exists between the parties relating to their legal rights and duties stemming from GoPro's practice of billing injured employees.

93.    For the protection of Florida's residents and injured employees who may be subject to the same improper debt collection practices in the future, injunctive relief preventing additional instances of the same conduct is required.

**WHEREFORE**, Plaintiff respectfully request the following relief against GoPro for itself and Class Members:

a.    A declaration finding that GoPro's efforts to overcharge sales tax in violation of the Florida Consumer Collection Practices Act;

b.    Entry of an injunction against GoPro from further engaging in the same debt collection activities in violation of the Florida Consumer Collection Practices Act;

c.    An award of costs and attorneys' fees made necessary by seeking this relief; and\any other such relief the Court may deem just and proper, and further demands a trial by jury of all issues so triable.

**COUNT IV**
**FRAUDULENT MISREPRESENTATION**

94.    Plaintiff incorporates the allegations in Paragraphs 1 through 77 by

reference as if fully set further herein.

95.     Defendant made misrepresentations of material fact with respect to the amount of sales tax charged on items that were purchased with a discount or trade-in credit issued by GoPro by failing to disclose to its customers that it was purporting to charge "sales tax" on the full sales price of an item purchased with a discount or trade-in credit in violation of Florida law, rather than charging only sales tax on the sales/reduced price of that item.

96.     At the time GoPro made its fraudulent omissions, GoPro knew that its omissions were false.

97.     GoPro's fraudulent omission were material and intentionally made to induce Plaintiff and others similarly situated to pay more money to GoPro for a purchase made with a discount than was legally due.

98.     Defendant intended for Plaintiff and other similarly situated to rely upon its representations and/or omissions.

99.     Plaintiff did in fact rely on GoPro's omissions relating to the amount of sales tax charged on the items he purchased.

100.     Plaintiff has suffered damages in justifiable reliance on Defendant's material omission regarding the amount of legal sales tax GoPro could charge on the discounted price of the item.

**WHEREFORE**, Plaintiff, on behalf of himself an all others similarly situated, seeks judgment against Defendant for damages, costs, interest, and such other relief as this Court deems just and proper and all rights to seek punitive damages are reserved.

## COUNT V
## NEGLIGENT MISREPRESENTATION

101.    Plaintiff incorporates the allegations in Paragraphs 1 through 77 by reference as though fully set forth herein.

102.    GoPro negligently made omissions of material fact to the Plaintiff.

103.    Defendant made omissions of material fact concerning the amount of sales tax due on an item that was sold at a discounted price by failing to disclose to its customers that it was purporting to charge "sales tax" on the full sales price of an item purchased with a discount in violation of Florida law, rather than properly charging only sales tax on the sales/reduced price of that item.

104.    Defendant knew or should have known that its omissions were material and its failure to inform its customers of the true facts surrounding GoPro's improper charging and collection of purported sales tax was misleading.

105.    Defendant knew or should have known that Plaintiff would rely on its omissions in the absence of GoPro's truthful disclosures about its collection of sales tax.

106.    Plaintiff justifiably relied on GoPro's omissions when purchasing a discounted item and paid GoPro more than it was legally due for his purchase of such items.

107.    As a direct and proximate result of the negligent omissions of GoPro as alleged herein, and Plaintiff's justifiable reliance thereon, Plaintiff and the absent class members have been damaged.

**WHEREFORE**, Plaintiff, on behalf of himself an all others similarly situated, requests judgment against Defendant for damages, costs, interest, and other such relief as this Court deems just and proper.

<u>**COUNT VI**</u>
<u>**UNJUST ENRICHMENT**</u>

108.    Plaintiff incorporates the allegations in Paragraphs 1 through 77 by reference as if fully set forth herein.

109.    Plaintiffs and members of the putative sales class conferred a benefit on Defendant in the form of monies paid for "sales tax" on the difference between the full price of items purchased with a dealer discount or trade-in credit and the discounted price of those items that GoPro was not entitled to collect or retain.

110.    Defendant knowingly and willfully demanded payment of those monies despite having no right to do so, and retained those benefits.

111.    Defendant's retention of the benefits conferred by Plaintiff and members is unjust and unconscionable.

112.    Defendant GoPro has been unjustly enriched at the expense of Plaintiff and members of the putative class.

**WHEREFORE**, Plaintiff respectfully requests that Defendant repay all members of the class the value of all monies for which it has been unjustly enriched, with interest from the date of collection, and the repayment of costs, and other such relief as this Court deems just and proper.

<u>**COUNT VII**</u>
<u>**BREACH OF CONSTRUCTIVE TRUST**</u>

113.    The allegations contained in the previous paragraphs are incorporated by reference.

114.   Plaintiff brings this claim under the laws of Florida, and all similar state laws.

115.   Defendant charged money to Plaintiff and class members that was ostensibly to be applied for a particular purpose, *i.e.*, the payment of sales taxes to the Florida Department of Revenue or another tax jurisdiction in which the class members reside.

116.   There was no legal basis to charge these amounts to Plaintiff and the class because Florida law clearly states that the sales tax rate to be used in a transaction is based on the discounted amount of purchase and not the full price when discounts are given by Defendant.

117.   The amounts Defendant charged and collected from Plaintiff and class members for this ostensible purpose created and continue to create a constructive trust, with Defendant serving as a trustee for purposes of ensuring the funds held in trust were and are paid to the proper payee.

118.   Defendant improperly retained the constructive trust funds, in which case it has been unjustly enriched, or alternatively, improperly paid the trust funds to a third party (*i.e.* the taxing jurisdiction in which a fashion consultant is located) which had no authority or jurisdiction to assess those charges and was not entitled to receive those funds.

119.   Whether Defendant obtained the funds subject to the constructive trust from Plaintiff and individual class members intentionally or through mistaken belief or assumption that taxes were payable, the taxes collected were not payable either in fact or

law, and the funds paid by Plaintiff and class members are recoverable from Defendant, which breached its duties and obligations as trustee by failing to remit the funds to the proper payees (the class members).

**WHEREFORE**, Plaintiff requests this Court to impose a constructive trust on the fees and costs received by Defendants in their improper taxing scheme in the amount of the fees and costs wrongfully appropriated from the plaintiffs and to assess damages, interest, costs, prejudgment interest from May 3, 2017, punitive damages, and other such relief as this Court deems fair and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 31st day of September, 2017.

Respectfully submitted,

**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: mkimbrou@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiff**

# EXHIBIT A

**From:** norepl y@gopro.com [mailto:norepl y@gopro.com]
**Sent:** Saturday, April 15, 2017 2:36 PM
**To:** Luis Cabassa <lcabassa@wfclaw.com>
**Subject:** Thanks for your GoPro TradeUp order NA01031833

## We received your GoPro TradeUp order # NA01031833

|   | SHOP | APPS | WATCH |   |
|---|------|------|-------|---|

# Your GoPro TradeUp order is all set.

### What's Next

? You'll receive an email from FedEx with your prepaid shipping label within the next hour. Check your spam folder. You must use the GoPro provided return label

? Just print it out, remove your SD card, pack up your old GoPro, and send it in.

? We'll ship your new HERO5 within 14 days of receiving your GoPro.

? When your HERO5 ships, we'll email you a confirmation with tracking info. You can also set up text updates below.

## Order Details

**Order Placed:** Apr 15, 2017
**Order Number:** NA01031833

Have questions about the GoPro TradeUp program? We've got answers

SHIPPED          DELIVERED

**Shipment Tracking**

We've received your order and it's being processed right now.

Terms of Sale

**Billing Address**

Luis Cabassa
4420 CARROLLWOOD VILLAGE DR
TAMPA, FL 33618-8613
United States
Phone: 8137853111

**Shipping To**
Luis Cabassa
4420 CARROLLWOOD VILLAGE DR
TAMPA, FL 33618-8613
United States

**2-Day** Shipping Status:
Not Shipped

**Payment Method**
Credit Card
Luis Cabassa
Visa / ***********0730 / Exp. 09/2019 Amount

| PRODUCT | QUANTITY |
|---|---|



HERO5
Session™
$50 off a
HERO5
Session
camera
    1

| | |
|---|---|
| Subtotal | $249.99 |
| Shipping 2-Day | $0.00 |
| Sales Tax | $17.50 |
| **Order Total** | **$267.49** |

For a limited time, we're offering free shipping on all U.S. Orders, no minimum required. Plus if you are not 100% satisfied with your GoPro products, return them free of days for a full refund. Conditions Apply.

© 2015 GoPro Inc. All Rights Reserved. Patented USA. USA and International patents pending.

# EXHIBIT B

**From:** Eldrin Vicente [mailto:elvicente@gopro.com]
**Sent:** Monday, May 08, 2017 9:46 AM
**To:** Luis Cabassa <lcabassa@wfclaw.com>
**Subject:** GoPro: Sales Order #SO-2297129

# GoPro

GoPro Customer Service
2111 Eastridge Ave, Door 34037
Riverside, CA 92507
(888) 600-4659 (toll-free)
+1 (650) 980-0252
http://gopro.com/support

**Bill To**

Luis Cabassa
4420 CARROLLWOOD VILLAGE DR
TAMPA FL 33618-8613

**Ship To**
Luis Cabassa
4420 CARROLLWOOD VILLAGE DR
TAMPA FL 33618-8613

# Sales Order

Date                4/15/2017
Order #             SO-2297129
Ship Via            Fedex 2nd Day: 2 business days
Tracking #          717617851834
Currency            US Dollar
Payment Method      Token

| Item No. | Item Name | Price | Qty. | Shipped | Back Ordered | Amt. |
|----------|-----------|-------|------|---------|--------------|------|
| CHDHS-501 | HERO5 Session | 299.99 | 1 | 1 | 0 | 299.99 |
| XDEAL-REF | Pro Deal Discount/Post-Sale | -50.00 | 1 | | | -50.00 |
| | | | | | Subtotal | 249.99 |
| | | | | Shipping Cost (Fedex 2nd Day: 2 business days) | | 0.00 |
| | | | | Total Tax (Sales Tax 7.0%) | | 21.00 |
| | | | | | **Total** | **$270.99** |

**Please submit your payment to one of the following locations...**

Standard payment address
GoPro
26740 Network Place
Chicago, IL 60673-1267

Overnight payment address:
JP Morgan Chase
131 S Dearborn, 6th Floor
Chicago, IL 60603
Attn: GoPro, #26740